IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Deborah D. Walling, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 4:15-cv-3246-TLW |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On January 2, 2017, Counsel for the Plaintiff, Beatrice E. Whitten, filed a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 29. The motion seeks reimbursement for counsel's representation in the captioned matter in the amount of $2,456.64 for fees because the Commissioner's position was not substantially justified and there are no special circumstances that make an award of fees unjust. *Id.* On January 9, 2017, the Commissioner filed a response stating that there were no objections to the award of attorney's fees, the fees should be paid directly to Plaintiff, and the fees should be offset by Plaintiff's federal debt, if any. ECF No. 30.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). To determine whether the Commissioner was "substantially justified" in terminating social security benefits and thus whether an award of attorney's fees under the EAJA is warranted, the court asks whether there was arguably substantial evidence to support the Commissioner's position. *Anderson v. Heckler*, 756 F.2d 1011 (4th Cir. 1984). However, an EAJA attorney's fees

1

award is payable to the litigant and, therefore, is subject to an offset to satisfy the litigant's pre-existing debt to the Government.  *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010).

After careful consideration of the parties' filings and the applicable legal authority, the Court concludes that the Commissioner's position was not substantially justified and that the requested fees should be awarded. As noted, the Commissioner does not object to Plaintiff's motion for an award of fees, and Plaintiff does not oppose the Government's request for an offset. Thus, the Court also concludes the Government is entitled offset in the amount of any pre-existing federal debts.  *See* 560 U.S. at 594.

Having reviewed the file and being fully advised, the Court hereby **ORDERS** that Plaintiff's unopposed motion for attorney's fees under the EAJA, 28 U.S.C. § 2412, ECF No. 29, is **GRANTED**, and the Commissioner is ordered to award Plaintiff $2,456.64 for fees. Although the EAJA fee award should be paid to Plaintiff rather than to her attorney pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 595-96 (2010), the check itself should be mailed directly to the business address of Plaintiff's counsel.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
TERRY L. WOOTEN
Chief United States District Judge

January 20, 2017
Columbia, South Carolina