IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DEBORAH DUBOSE WALLING,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 4:15-cv-03246-TLW |

## ORDER

Plaintiff filed this action seeking review of the Commissioner's decision denying her disability claim. ECF No. 1. On November 15, 2016, United States Magistrate Judge Thomas E. Rogers, III issued a Report and Recommendation which recommended reversing the Commissioner's decision and remanding the case for further administrative action. ECF No. 21. The Commissioner did not object to the Report, and on December 7, 2016, the Court accepted the Report and remanded the case. ECF Nos. 23, 27. Plaintiff then moved for attorney's fees of $2,456.64 under the Equal Access to Justice Act (EAJA), ECF No. 29, which the Court granted, ECF No. 32. On December 17, 2018, the Social Security Administration issued a Notice of Award to Plaintiff, indicating that Plaintiff would receive retroactive benefits beginning in March of 2007. ECF No. 33-2. The Court notes the Commissioner does not object to Plaintiff's counsel's request for § 406(b) fees in the amount of $41,040.70,

1

but states there should be an offset, or refund, of $5,986.51 in EAJA fees for the Plaintiff. ECF No. 35.

This social security matter is now before the Court on Plaintiff's counsel's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1) and Local Civil Rule 83.VII.07. ECF No. 33. Plaintiff's attorney seeks to recover $41,040.70 in attorney's fees based on 25% of the total retroactive benefits awarded. *Id.* The motion and related filings include relevant case law, the time sheet for Plaintiff's counsel, and the fee agreement between Plaintiff and her counsel providing for a 25% fee for counsel. ECF No. 33. Notably, as stated, the Commissioner agrees that counsel for Plaintiff should receive $41,040.70 in § 406(b) fees. ECF No. 35. However, the Commissioner argues that the amount should be offset by $5,986.51, the total amount of EAJA fees awarded to counsel in Plaintiff's cases, pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) and *Parrish v. Commissioner of Social Security*, 698 F.3d 1215 (9th Cir. 2012). *Id.*

The Social Security Act provides that the Court may determine and allow a reasonable fee for representation not to exceed 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). The Court concludes that counsel in this case has obtained a favorable result for the Plaintiff, caused no unusual delay, and has provided thorough and diligent representation. Furthermore, the amount requested by counsel is not greater than 25% of the past-due benefits recovered by Plaintiff as required by 42 U.S.C. § 406(b).

In light of the history of this case and the result achieved, the Court finds that

the fee agreement, signed by the Plaintiff and designating a 25% fee for counsel, and the § 406(b) fees of 25% are reasonable. The Court notes that counsel began work on this case in 2010. Plaintiff's first appeal of the ALJ's decision was filed in the district court in 2010. Plaintiff's case was remanded to the ALJ, after which she was denied benefits. Then, Plaintiff appealed the second denial of benefits, filing her second federal case in 2012. That case was also remanded to the ALJ, after which she was denied benefits a third time. Plaintiff then filed the instant case, her third appeal to the district court. This case was remanded to the ALJ, and, as a result, Plaintiff received retroactive benefits. Counsel represented Plaintiff throughout the process and, as noted, now requests § 406(b) fees in the amount of $41,040.70.

The Court has carefully reviewed the relevant case law, the filings, counsel's fee petition, and the accompanying fee agreement. In light of the fact that the Commissioner does not object, the Court finds that the request for fees pursuant to § 406(b) is reasonable. Further, the Court notes that,

> an award under § 406(b) compensates an attorney for all the attorney's work before a federal court on behalf of a Social Security claimant in connection with the action that resulted in past-due benefits. . . . Where the same attorney represented a claimant at each stage of judicial review, the court need merely offset all EAJA awards against the § 406(b) award.

*Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012). Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Attorney's Fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), ECF No. 33, is hereby **GRANTED** in the amount of $41,040.70. Because Plaintiff's attorney was previously awarded attorney's

fees pursuant to the EAJA in two of Plaintiff's cases, the Court finds that the amount of EAJA fees must be refunded to the Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. at 796, and *Parrish v. Commissioner*, 698 F.3d at 1221. Therefore, counsel's award of $41,040.70 should be offset by $5,986.51, and that amount of $5,986.51 should be refunded to the Plaintiff.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

April 10, 2019
Columbia, South Carolina